Law Offices of Travis Gagnier, Inc., P.S.  Honorable Timothy Dore
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

**THOMPSON, Erin Elizabeth,**

Debtor.
_____
**THOMPSON, Erin Elizabeth,**

Plaintiff,

v.

**UNITED STATES OF AMERICA ACTING THOUGH THE U.S. DEPARTMENT OF EDUCATION and MAXIMUS EDUCATION LLC DBA AIDVANTAGE,**

Defendants.

Number 22-11903

Adversary Number:

**COMPLAINT TO DETERMINE DISCHARGEABILTY OF STUDENT LOANS**

Erin Elizabeth Thompson, the Debtor (hereinafter "Plaintiff") allege as follows:

### A. Jurisdiction

1. That this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 & 28 U.S.C. 157(b)(2)(G). This matter relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code. Plaintiff consents to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

### B. History

COMPLAINT - 1

2. Plaintiff filed her Chapter 13 Bankruptcy Proceeding in the United States bankruptcy court for the Western District of Washington on October 30, 2022 under case number 22-11903.

3. That this Court upon the filing of the Petition duly entered an Order for Relief under the provisions of the Bankruptcy Code.

4. That Jason Wilson-Aguilar was appointed the chapter 13 Trustee in the Thompson Chapter 13 case and serves in that capacity in this case.

### C. Facts and Allegations

5. That pursuant to 11 USC § 523(a)(8) educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or an obligation to repay funds received as an educational benefit, scholarship, or stipend; or any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual are nondischargeable unless excepting the debt from discharge would impose an undue hardship on the debtor or the debtor's dependents. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010) ("the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding."). This inquiry is undertaken through a formal adversary proceeding in the bankruptcy court. *United Student Aid Funds*, 559 U.S. at 263-64; Fed. R. Bankr. P. 7001(6).

6. Defendant, Maximus Education LLC dba Aidvantage (hereinafter "Aidvantage"), asserts claims arising out of student loans owed by Plaintiff. Plaintiff listed multiple loans from the US Department of Education on Schedule F which appear to be the basis of claims by Aidvantage. The amount owed is estimated to be $64,000.00.

COMPLAINT - 2

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

7. That Plaintiff believes and alleges that the repayment of student loans to Defendants would impose an undue hardship on Plaintiff.

8. That on or about the 17th day of November 2022 The Department Justice issued Guidance for Department of Justice Attorneys in regards to Student Loan Bankruptcy Litigation which Plaintiff is requesting the Defendants utilize in evaluating whether Plaintiff's student loans should be discharged. Plaintiff acknowledges that the Guidance Memorandum is an internal Department of Justice policy directed at Department components and employees and it is not intended to and does not create any rights, substantive or procedural, enforceable at law by any party in any matter.

9. Plaintiff requests that upon receipt of this Complaint that Defendants will provide Plaintiff's attorney with the record of Plaintiff's account history, loan details, and, where available, educational history.

10. Upon receipt of the information from Defendants as to Plaintiff's student loans, Plaintiff will prepare and file in this adversary proceeding an Attestation (as prescribed by the Department of Justice) in order to assist Defendants in stipulating to facts demonstrating that the debts would impose an undue hardship on the Plaintiff and recommend to the Court that Plaintiff's students loan be discharged if three conditions are satisfied: (1) Plaintiff presently lacks an ability to repay the loan; (2) Plaintiff's inability to pay the loan is likely to persist in the future; and (3) Plaintiff has acted in good faith in the past in attempting to repay the loan.

11. Upon receipt of Plaintiff's Attestation Plaintiff requests that Defendants stipulate to facts demonstrating that a debt would impose an undue hardship and recommend to this Court that Plaintiff's student loan be discharged.

\ \ \

\ \ \

COMPLAINT - 3

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

## D. Request for Relief

WHEREFORE, Plaintiff respectfully requests the entry of a judgment declaring the debts owed Defendants to be dischargeable debts and such other and further relief as the Court.

Dated this 21st day of December 2022.

Law Offices of Travis Gagnier, Inc., P.S.
Attorneys for Plaintiff


/s/ Travis A. Gagnier
Travis A. Gagnier, WSBA #26379
Gregory Jalbert, WSBA #9480
Of Counsel

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com