Honorable Timothy W. Dore
Chapter 13
Hearing Date: n/a (Ex Parte)
Location: n/a (Ex Parte)

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>ERIN ELIZABETH THOMPSON<br><br>Debtor. | Case No.: 22-11903-TWD |
| ERIN ELIZABETH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Adv. No: 22-01066-TWD<br><br>**EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT** |

Under Local Bankruptcy Rule 9013-1(g), Plaintiff Erin Elizabeth Thompson (Plaintiff) and Defendant United States of America, acting through the U.S. Department of Education (DOE), jointly move ex parte to resolve this adversary proceeding with a Consent Judgment that declares dischargeable Plaintiff's student loan debt held by DOE, as described in the Certificate of Indebtedness attached hereto as Exhibit A (the Debt). The Debt should be declared dischargeable under 11 U.S.C. § 523(a)(8) because repaying the Debt would be an "undue hardship," as interpreted by the Ninth Circuit. *E.g.*, *Educ. Credit Mgmt. Corp. v. Nys (In re Nys)*, 446 F.3d 938, 941, n.1 (9th Cir. 2006) (summarizing three-prong *Brunner* test adopted by Ninth Circuit). The parties stipulate to the following facts that support that conclusion:

1. On February 14, 2023, this Court confirmed Plaintiff's Chapter 13 Plan under 11 U.S.C. § 1325, in Case No. B22-11903.

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT, *Thompson v. Dept. of Educ.*, No. A22-01066 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
Tel. 206-553-7970

2. In November 2022, the United States Department of Justice, in coordination with DOE, issued "Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation" (Guidance), *available at:* https://www.justice.gov/civil/page/file/1552681/download (last visited May 23, 2023). Pursuant to that Guidance, Plaintiff submitted to DOE an Attestation in Support of Request for Stipulation Conceding Dischargeability of Student Loans (Attestation). The following facts and conclusions are drawn from information Plaintiff provided in her Attestation.

3. Plaintiff cannot maintain a minimal standard of living and also repay the Debt. The IRS National and Local Standards for necessary living expenses, plus reasonable retirement contributions of four percent of income exceed Plaintiff's after-tax income. Plaintiff has no free monthly cash flow with which she can afford to repay the Debt.

4. Plaintiff's present inability to repay the Debt will likely persist for a significant portion of the Debt's repayment period. Some of Plaintiff's student loans have been in repayment status since 2012. As to those loans, Plaintiffs qualifies under the Guidance for a presumption that her inability to repay the Debt will persist because the loans entered repayment more than 10 years ago. Further, Plaintiff received her bachelor's degree in 2015 and a paralegal certificate in 2016. Despite Plaintiff's efforts over the past eight years to build a career and improve her salary, she remains in a relatively low-paying job that does not cover basic living expenses.

5. Plaintiff has made a good faith effort to repay the Debt. Under the Guidance, Plaintiff qualifies for several presumptions of good faith:

- consolidated student loans in 2016;
- made $157 in payments; and
- engaged with her loan servicers more than 20 times.

Further, Plaintiff could not reasonably be expected to enroll in an income-based repayment plan when her income was insufficient to meet her basic living expenses apart from any student loan payments.

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT, *Thompson v. Dept. of Educ.*, No. A22-01066 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
Tel. 206-553-7970

6. Plaintiff does not have assets available to repay the Debt. Her December 2022 bankruptcy schedules show she has no non-exempt equity in any property.

7. Plaintiff and DOE shall bear their own costs and attorney fees related to this action.

For the foregoing reasons, repaying the Debt would impose an "undue hardship" on Plaintiff. The parties jointly request that the Court enter the "Ex Parte Consent Judgment Declaring Dischargeable Plaintiff's Student Loan Debt" under 11 U.S.C. § 523(a)(8).

DATED this 26th day of May 2023.                    Respectfully submitted,

*s/ Travis Gagnier*
TRAVIS GAGNIER, WSBA #26379
Law Offices of Travis Gagnier, Inc., P.S.
33507 9th Ave. S., Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
tagagnier@bestbk.com

*s/ Kyle A. Forsyth*
Kyle A. Forsyth, WSBA #34609
Assistant United States Attorney
U.S. Department of Justice
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101
kyle.forsyth@usdoj.gov

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING DISCHARGEABLE PLAINTIFF'S STUDENT LOAN DEBT, *Thompson v. Dept. of Educ.*, No. A22-01066 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
Tel. 206-553-7970